FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC -1  A 11: 47

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANGEL N. AUCION | * | CIVIL ACTION |
| versus | * | NO. 06-5638 |
| STATE FARM INSURANCE COMPANY and EDWARD J. SCHAUMBURG | * | SECTION "F" |

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Hurricane Katrina damaged Angel Aucion's home in Violet, Louisiana, located in St. Bernard Parish.  She filed claims under her homeowner's policy, and State Farm paid approximately $30,000 of the claims.  Aucion disagrees with State Farm's assessment of damages, and claims she suffered over $90,000 in damages.  She filed a lawsuit in state court on July 14, 2006, naming State Farm Insurance Company and its agent, Edward J. Schaumburg as defendants.  Aucion alleged that State Farm had acted in bad faith in the settlement of her claim and that Schaumburg acted negligently in failing to advise her at the time of purchase of possible gaps and exclusions in her policy.  Aucion stipulated in the petition that she sought no more than $75,000 in damages.

State Farm removed the case to this Court on August 31, 2006, invoking this Court's original diversity jurisdiction.  State

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Farm asserted that parties are completely diverse because Schaumburg was fraudulently joined. Aucion now moves to remand, arguing that State Farm has not met its burden to prove that she has no possibility of recovery against Schaumburg, her insurance agent, and, therefore, complete diversity is destroyed, leaving this Court with no subject-matter jurisdiction to hear the case.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. But it is unnecessary for this Court to examine whether or not State Farm has met its burden in proving that Aucion cannot state a claim against the agent Schaumburg. Even if State Farm is correct and Schaumburg has been fraudulently joined in this case, this Court cannot exercise its

diversity jurisdiction because the amount-in-controversy requirement is not met.

Aucion bound herself irrevocably by expressly stating in the complaint that the requested aggregated damages do not exceed $75,000. Aucion's pledge is similar to the pledge examined in Engstrom v. L-3 Communications Gov't Svcs., Inc., 2004 WL 2984329, at *5 (E.D La. Dec. 23, 2004)(relying on DeAguilar v. Boeing, 47 F.3d 1404 (5th Cir. 1995)), where Judge Englehart held that a similar stipulation in the original complaint was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law. Other Sections of this Court are in concurrence with this finding. See Davis v. State Farm Fire & Casualty, 2006 WL 1581272 (E.D. La. June 7, 2006)(Vance, J.)(consolidated with 06-0569, 06-0830, 06-0831, 06-1090, 06-1091, 06-1092, 06-1292, and 06-1597).

The Court finds that because the amount-in-controversy is not met in this case, and no other basis for jurisdiction is present, this Court has no subject-matter jurisdiction to hear the case. Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court.

New Orleans, Louisiana, November 29, 2006.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE